UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 10-50045-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| ALAN SEPULVEDA-SANDOVAL and | ) | |
| IVAN BERRELLAZA-VERDUZCO, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Sepulveda-Sandoval and Berrella-Verduzco have filed motions to suppress evidence and statements obtained by law enforcement. (Dockets 44 and 46). Pursuant to 28 U.S.C. § 636(b)(1)(B) and the court's standing order (Docket 12), Magistrate Judge Veronica L. Duffy held a hearing on this matter and issued a report and recommendation. (Docket 51). The magistrate judge recommended denying the motions to suppress evidence seized from the vehicle occupied by both defendants, denying defendant Sepulveda-Sandoval's motion to suppress the statement he gave to Trooper Oxner, granting in part defendant Sepulveda-Sandoval's motion to suppress the statement he gave to Agent Saroff, denying the remainder of defendant Sepulveda-Sandoval's motion to suppress the statement he gave to Agent Saroff, and denying Defendant Berrellaza-Verduzco's motion to suppress the statement he gave to Agent Saroff. Id. Both defendants timely filed objections to the report and recommendation. (Dockets 55 and 56). The court reviews *de novo* those portions of the report and recommendation which are the subject of

objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1).

## DISCUSSION

**A.  Magistrate Judge's Findings of Fact**

Neither defendant objected to the magistrate judge's findings of fact. (Dockets 55, p. 1, and 56, p. 1).  The magistrate judge's findings of fact are adopted by the court in accordance with 28 U.S.C. § 636(b)(1)(C).

**B.  Magistrate Judge's Conclusions of Law**

    **1.  Statements obtained from the defendants**

Neither defendant objected to the magistrate judge's conclusions of law and recommendations relating to the statements obtained from the defendants. Those conclusions of law and recommendations are adopted by the court in accordance with 28 U.S.C. § 636(b)(1)(C).

    **2.  Physical evidence seized from the vehicle**

As the defendants' objections to the magistrate judge's conclusions of law and recommendation relating to the evidence seized from the vehicle are identical, those objections will be addressed jointly without separate reference to each defendant's individual objections. (Dockets 55, pp. 2-4, and 56, pp. 2-4).  The defendants assert the physical evidence seized should be suppressed because the magistrate judge found Trooper Oxner unreasonably prolonged the stop of the defendants' vehicle and this prolonged detention violated the defendants' Fourth Amendment rights.  (Docket 51, p. 27).

The magistrate judge found Trooper Oxner's justification for the traffic stop, that is speeding, "was legitimate under the circumstances and legal under the constitution." Id. at p. 20. The magistrate judge further found that "Trooper Oxner's actions in the first sixteen minutes of this stop were primarily concerned about drug interdiction rather than with addressing the reason for the stop–i.e. the speeding." Id. at p. 21. For these reasons, the magistrate judge concluded "that the prolonged detention of defendants . . . violated both defendants' Fourth Amendment rights." Id. at p. 23.

The court reaches the same legal conclusion under the facts of this case. The conduct of the trooper in causing the delay between the stop and the issuance of the warning ticket for speeding resulted in a traffic stop which was "longer than reasonably necessary" and the actions of the trooper were not "reasonably related to the circumstances which initially justified the stop." Illinois v. Caballes, 543 U.S. 405, 407 (2005); United States v. Sharpe, 470 U.S. 675, 685-87 (1985); Florida v. Rover, 460 U.S. 491, 500 (1983). (Docket 51, p. 16). The defendants' Fourth Amendment rights were violated by the prolonged nature of their detention during this traffic stop.

The next part of the analysis by the magistrate judge was whether the physical evidence must be suppressed because of the violation of the defendants' Fourth Amendment rights. (Docket 51, p. 23). That decision turns on the "but-for cause of obtaining the evidence" analysis required under United States v. Paralez, 526 F.3d 1115, 1121-22 (8th Cir. 2008) (quoting United States v. Olivera-Mendez, 484 F.3d 505, 511 (8th Cir. 2007).

3

In applying this threshold legal question to the facts in this case, the magistrate judge concluded Trooper Oxner's decision to deploy his drug dog to sniff around the defendants' vehicle would have occurred regardless of the prolonged stop. (Docket 51, pp. 24-25). "Once [defendants] gave Trooper Oxner that valid reason to stop them, the [magistrate judge] concludes that Trooper Oxner would not have allowed defendants to leave without deploying his readily-available drug dog . . . . That inevitable deployment and equally inevitable alert by [the drug dog] provided Trooper Oxner with the necessary probable cause for the search." Id. at p. 26.

In Peralez, the court directed that "[o]nly if the constitutional violation was at least a but-for cause of obtaining the evidence is suppression of evidence the appropriate remedy." 526 F.3d at 1121 (internal quotation marks omitted). In other words, "[i]f the extended seizure enabled the dog sniff to occur suppression is proper." Id. (internal quotation marks omitted). Because the trooper's drug dog was at the scene with the investigating officer, the court found that defendant's "prolonged seizure for questioning about drug trafficking was not a but-for cause of obtaining the evidence . . . ." Id. at 1122. Thus, the drug dog sniff of the vehicle and the seizure of the evidence was not suppressed. Id.

This court is required to follow the rulings of the Court of Appeals for the Eighth Circuit. Thus, Peralez is binding authority upon this court. Under Peralez, Trooper Oxner's dog was with him at the scene of the traffic stop, so there is no "but for cause" for the walk around the vehicle with his dog and the

4

alert for the presence of drugs.  As case law dictates, "if no additional delay . . . involved in employing a drug dog, the officer need not demonstrate probable cause or reasonable suspicion before embarking on a drug dog sniff."  (Docket 51, p. 25) (citing Caballes, 543 U.S. at 406-09; United States v. Lopez-Mendoza, 601 F.3d 861 (8th Cir. 2010); United States v. Mohammed, 600 F.3d 1000 (8th Cir. 2010)).  As required by Peralez, Trooper Oxner's "dog sniff was not a result of that improper extension [Fourth Amendment violation]."  526 F.3d at 1117.

For these reasons, defendants' objections to the report and recommendation are overruled and the physical evidence seized by Trooper Oxner as the result of the drug dog alert will not be suppressed.

**CONCLUSION**

Based on the foregoing, it is hereby

ORDERED that defendants' separate objections to the report and recommendation (Dockets 55, pp. 2-4, and 56, pp. 2-4) relating to the physical evidence seized from the vehicle are overruled.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Veronica L. Duffy (Docket 51) is adopted by the court.

IT IS FURTHER ORDERED that defendants' separate motions to suppress evidence and statements (Dockets 44 and 46) are granted in part and denied in part.

IT IS FURTHER ORDERED that defendant Sepulveda-Sandoval's motion to suppress his statement to Trooper Oxner is denied.

IT IS FURTHER ORDERED that defendant Sepulveda-Sandoval's statement, prior to the advisement of his rights under <u>Miranda</u>,[1] relating to the defendant's status in the United States shall be suppressed from use in the government's case-in-chief.

IT IS FURTHER ORDERED that the remainder of defendant Sepulveda-Sandoval's statement, prior to the advisement of his rights under <u>Miranda</u> and any statement made after the advisement of rights, shall not be suppressed.

IT IS FURTHER ORDERED that defendant Berrellaza-Verduzco's motion to suppress his statement to Agent Saroff is denied.

IT IS FURTHER ORDERED that the physical evidence seized from the defendants' vehicle shall not be suppressed.

Dated July 26, 2010.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).